Paul W. Moncrief, Esq., SBN 204239
Paul Hart., Esq., SBN 237766
JOHNSON & MONCRIEF, PLC
295 Main Street, Suite 600
Salinas, CA 93901
Telephone: (831) 759-0900
Facsimile: (831) 759-0902

Attorney for Plaintiff,
Western Harvesting, LLC

** E-filed November 22, 2010 **

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WESTERN HARVESTING, LLC, a California limited liability company**<br><br>         **Plaintiff,**<br><br>v.<br><br>**US AG SOLUTIONS, LLC, a California limited liability company, CHRISTOPHER FREITAS, an individual, and DOES 1 through 20, Inclusive,**<br><br>         **Defendants.** | Case No.  CV 10-04263<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND ORDER THEREON** |

IS HEREBY STIPULATED by and between the parties that JUDGMENT be entered as follows:

1.     Defendants US Ag Solutions, LLC, a California limited liability company and Christopher Freitas ("Defendants") stipulate that judgment be entered against Defendants in favor of Plaintiff Western Harvesting, LLC ("Plaintiff"), on the First, Second, Third, and

Stipulation for Entry of Judgment and Order
*Western Harvesting, LLC. v US Ag Solutions, LLC, et al.*
Case No. CV.

1

Fifth Causes of Action of Plaintiff's Complaint alleging Breach of Contract, Enforcement of the Statutory Trust Provisions of the Perishable Agricultural Commodities Act, (7 U.S.C. § 499e(c)(1)-(4)), Violation of the Perishable Agricultural Commodities Act for Failure to Account and Pay Promptly (7 U.S.C. § 499a et seq.), and Unjust Enrichment in the amount of Forty One Thousand Five Hundred Eighty Five Dollars and Twenty Five Cents ($41,585.25) with interest thereon from the date that this Stipulated Judgment is executed at a rate of ten percent (10%) per annum, provided, however, that interest shall be waived so long as Defendants satisfy the payment terms set forth in paragraph 2(a) of the Settlement Agreement.  Said Judgment shall immediately require Defendants to account for and pay all PACA trust assets to Plaintiff in the amount of Forty One Thousand Five Hundred Eighty Five Dollars and Twenty Five Cents ($41,585.25).

2.      Plaintiff will not execute this Judgment so long as Defendants satisfies the payment terms set forth in paragraph 2(a) of the Settlement Agreement.

3.      Plaintiffs are valid trust creditors under Section 5(c) of PACA, 7 U. S.C. Section 499e(c) against Defendants.

4.      Upon payment in full, Plaintiff shall file a Notice of Satisfaction of Judgment with the Court and shall provide a copy to Defendants.

5.      The parties jointly stipulate that in the event that any legal action or collection actions is necessary to enforce the terms of this Stipulation, the prevailing party in such action shall be entitled to recover its reasonable attorney's fees and costs.

6.      This Stipulation may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument.   The parties

Stipulation for Entry of Judgment and Order
*Western Harvesting, LLC. v US Ag Solutions, LLC, et al.*
Case No. CV.

2

1  agree that a facsimile signature shall be treated in all respects as having the same effect as an

2  original signature.

3      7.      The signatories to this Stipulation assert and represent that they are fully

4  empowered and authorized to execute this Stipulation on behalf of the entity for whom they

5  purport to sign.

6

7

8

9  Dated: September 28, 2010        Western Harvesting, LLC
                                    A California limited liability company
10

11                                  David Gill

12  Dated: September 15, 2010       US Ag Solutions, LLC
                                    A California limited liability company
13

14

15                                  Christopher Freitas, Manager

16  Dated: September 22, 2010

17

18                                  Christopher Freitas, individually

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

Based on the stipulation above, and finding good cause therefore, it is hereby ORDERED that JUDGMENT be entered, as set forth herein on the terms set forth herein.


Dated: November 22, 2010

_____
HOWARD R. LLOYD
United States Magistrate Judge

Stipulation for Entry of Judgment and Order
*Western Harvesting, LLC, v US Ag Solutions, LLC, et al.*
Case No. CV.

4

# EXHIBIT A

# SETTLEMENT AGREEMENT AND GENERAL MUTUAL RELEASE

1.  <u>THE DISPUTE</u>.  This Settlement Agreement ("Agreement") is made and entered into by and between the parties hereto on September ____ 28 ____, 2010 ("Effective Date") to compromise and settle any and all claims arising from the contracts entered into Plaintiff Western Harvesting, LLC ("Plaintiff") and Defendant US Ag Solutions, LLC, a California limited liability company for the sale and purchase of produce delivered by Plaintiff between May 2009 and June 2009 (the "Dispute").  Plaintiff and Defendants US Ag Solutions, LLC, a California limited liability company and Christopher Freitas ("Defendants") may be referred to herein individually as a "Party" and collectively as the "Parties".  The Parties agree as follows:

2.  <u>SETTLEMENT</u>.  The Parties desire to resolve all aspects of the Dispute, and to release one another from all liability known or unknown in connection therewith, on the following terms:

(a)  Defendants shall jointly and severally pay to Plaintiff the amount of Forty One Thousand Five Hundred Eighty Five Dollars and Twenty Five Cents ($41,585.25) (the "Settlement Amount").   Payments shall be made according to the following schedule:

(i)  Five Thousand Dollars ($5,000.00) immediately upon execution of this Agreement;

(ii)  Five Thousand Dollars ($5,000.00) on the first day of each month thereafter for a duration of seven (7) months; and

(iii)  A final payment of One Thousand Five Hundred Eighty Five Dollars and Twenty Five Cents ($1,585.25) due on the first day of the month that is eight (8) months after the Effective Date.

(b)  Concurrent with the execution of this Agreement, the Parties shall enter into a Stipulation for Entry of Judgment ("Judgment") a true and correct copy of which is attached to this Agreement as Exhibit "A" and incorporated herein by reference.   However, Plaintiffs will not execute said Judgment or otherwise attempt collection efforts, so long as Defendants satisfy the payment terms set forth in paragraph 2(a).

(c)  In the event that Defendants fail to pay any amount due pursuant to this Agreement and such failure persists for ten (10) days after Plaintiffs have provided Defendants with written notice of such default and opportunity to cure ("Default"), Plaintiffs shall be entitled to execute the Judgment and shall be entitled to interest on the amount due as set forth in the Judgment.

(d)  The Parties acknowledge that Plaintiffs shall remain the beneficiary of a floating, nonsegregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived

from the sale of such perishable agricultural commodities, or products or assets derived therefrom pursuant to the Perishable Agricultural Commodities Act 7 U.S.C. §499e(c), until payment in full of the Settlement Amount.

3.   RELEASE.   The Parties, on behalf of themselves, their heirs, executors, administrators, trustors, trustees, beneficiaries, successors, assigns, attorneys and all persons, firms, associations and/or corporations connected with them, upon compliance with the terms of this Agreement, hereby release with prejudice and forever discharge each other, separately and collectively, and all their heirs, executors, administrators, trustors, trustees, beneficiaries, predecessors, successors, assigns, partners, partnerships, joint venturers, parents, subsidiaries, affiliated and related entities, officers, directors, principals, agents, employees, servants, representatives, attorneys, and all other persons, firms, associations and/or corporations connected with them from any and all claims, demands, causes of action, obligations, damages, incidental, consequential, ensuing or resulting damages, losses, costs, attorney's fees and expenses of every kind and nature whatsoever, known or unknown, fixed or contingent, including any and all rights to subrogation or indemnity therefore, which such parties may now have or may hereafter have by reason of any matter, cause or thing arising out of and/or connected with the Dispute.

4.   WAIVER.   Each of the Parties hereto acknowledges that there is a risk that, subsequent to the execution of this Agreement, it may incur, suffer or sustain injury, loss, damage, costs, attorneys' fees, expenses or any of these, which are in some way caused by and/or connected with the persons, entities and/or matters referred to in the Dispute, or which are unknown and unanticipated at the time this Agreement is signed, or which are not presently capable of being ascertained. Each of the Parties hereto further acknowledges that there is a risk that such damages as are known may become more serious than any of them now expects or anticipates. Nevertheless, each of the Parties hereto acknowledges that this Agreement has been negotiated and agreed upon in light of those realizations and each of them hereby expressly waives all rights each may have in such unsuspected claims. In so doing, each of the Parties hereto has had the benefit of counsel, has been advised of, understands and knowingly and specifically waives its rights under California Civil Code, Section 1542, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Initial: _____   _____   _____

5.   WARRANTIES.   Each of the signatories hereto warrants and represents that he is competent and authorized to enter into this Agreement on behalf of the party for whom he purports to sign. Each of the parties warrants that they have not transferred or assigned any interests in any claim which is included in this settlement or in the cases.

6.   COMPROMISE.   This Agreement is the result of a compromise among the Parties hereto and shall never at any time or for any purpose be considered as an admission of liability and/or responsibility on the part of any party herein released, nor shall the payment of any sum of

SETTLEMENT AGREEMENT AND GENERAL MUTUAL RELEASE
- 2 -

money in consideration for the execution of this Agreement constitute or be construed as an admission of any liability and each party hereby disclaims such responsibility.

7.    <u>ATTORNEYS' FEES</u>.  The parties hereto acknowledge and agree that each of them will bear their own costs, expenses and attorneys' fees arising out of and/or connected with the Dispute, the negotiations, drafting and execution of this Agreement, and all matters arising out of or connected therewith except that, in the event action is brought by any party hereto to interpret or enforce this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs in addition to all other relief to which that party or those parties may be entitled.

8.    <u>CONSTRUCTION OF AGREEMENT</u>.   This Agreement is the product of negotiation and preparation by and among the parties hereto and their respective attorneys.  The Parties therefore expressly acknowledge and agree that this Agreement shall not be deemed to have been prepared or drafted by one party or another, or its attorneys, and will be construed accordingly.

9.    <u>GOVERNING LAW</u>.  This Agreement shall be interpreted in accordance with and governed in all respects by the laws of the State of California.

10.    <u>BINDING EFFECT</u>.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, trustors, trustees, beneficiaries, predecessors, successors, assigns, partners, partnerships, parents, subsidiaries, affiliated and related entities, officers, directors, principals, agents, servants, employees, representatives, and all persons, firms, associations and/or corporations connected with them, including without limitation their insurers, sureties and/or attorneys.

11.    <u>SEVERABILITY</u>.  If any provision or any part of any provision of this Agreement is for any reason held to be invalid, unenforceable or contrary to any public policy, law, statute and/or ordinance, then the remainder of this Agreement shall not be affected thereby and shall remain valid and fully enforceable.

12.    <u>COUNTERPARTS</u>.  This Agreement may be executed in counterparts and all such counterparts shall together constitute an agreement which shall be binding upon all Parties hereto, notwithstanding that the signatures of all Parties' designated representatives do not appear on the same page.

13.    <u>BENEFIT OF COUNSEL</u>.  The advice of legal counsel has been obtained by each of the Parties hereto prior to entering into this Agreement.

14.    <u>CONFIDENTIALITY</u>.  The undersigned and their attorneys agree that each of the terms and conditions of this settlement and the history, background, negotiations, terms and conditions of the Dispute and all settlements involving the parties herein released, of which the undersigned or its attorneys are or may become aware of, shall remain confidential and private in all respects.  The undersigned and their attorneys further agree that they will not voluntarily make any statements, either directly or indirectly by implication or innuendo, to anyone, including the press or media, or any friends, relatives or neighbors of the undersigned concerning the Dispute, the amount of settlement negotiations, or describing or characterizing the settlement in any way, including

SETTLEMENT AGREEMENT AND GENERAL MUTUAL RELEASE

reference to any documents, facts, and other oral or written evidence presented or arising from the Dispute, unless compelled to do so under authority of law. The undersigned and their attorneys agree that these confidentiality provisions are essential elements of this Agreement. An inquiry concerning this settlement will be met by a statement that the matter was disposed of prior to trial and that the undersigned has no further comment.

15.    ENTIRE AGREEMENT.   This Agreement constitutes the entire understanding between and among the Parties with regard to the matters herein set forth.   There are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between or among the parties hereto relating to the subject matter of this Agreement which are not fully expressed. This Agreement may be modified only by a writing signed by all parties.

IN WITNESS WHEREOF, the Parties have entered into this Agreement as of the Effective Date.

Western Harvesting, LLC
A California limited liability company


David Gill, Member


US Ag Solutions, LLC
A California limited liability company


Christopher Freitas, Manager


Christopher Freitas, individually

SETTLEMENT AGREEMENT AND GENERAL MUTUAL RELEASE
- 4 -